Curtis and Campbell agt. Corbitt.

examined the other positions taken by the counsel on the argument.

I think the defendant is entitled to judgment.

Judge WELLES concurred.

---

## SUPREME COURT.

DAVID CURTIS and others agt. THOMAS CORBITT and MICHAEL L. CORBITT.

SOLOMON A. CAMPBELL and GEORGE W. CAMPBELL agt. THE SAME.

The statement made in the *confession of judgment*, in this case was, substantially, that the indebtedness arose for lumber sold and delivered by the plaintiffs to the defendants in the year 1855, and before the date of the statement, (which date was October 15, 1855;) that the quantity of lumber so sold and delivered during that time was about 685,000 feet, and that the same was of the value of about $6,500, and that the amount remaining due and unpaid from the defendants to the plaintiffs for said lumber was $3,500, *held*, that the statement was *sufficient*. A review of the several reported cases taken, concluding with the opinion that, in the supreme court, some of the judges and courts have carried the doctrine on the subject of the statement of facts, out of which the indebtedness arose, to an unwarrantable degree of strictness.

(*It would seem that the case of Neusbaum* agt. *Keim,* (24 *N. Y. R.,* 325,) *decided since the decision in this case, would sustain this decision.*—REP.)

Ontario Special Term, October, 1859.

MOTION by plaintiffs in first cause to set aside judgment in second cause.

JAMES C. SMITH, *for plaintiffs in first cause.*

R. B. VAN VALKENBURGH, *for plaintiffs in second cause.*

WELLES, Justice. This motion is founded mainly upon the alleged insufficiency of the statement of the facts, out of which the indebtedness for which the judgment was confessed, which the court is asked to set aside, arose. By section 8 of chapter 259, of the Session Laws of 1818, it was required that after the first day of September of that year, in all cases of judgments by confession, entered upon warrant of attorney, in or out of term, the plaintiff or his attorney should at the time of filing the record of judgment, put on file, signed by him or his attorney, a *particular statement* and *specification* of the nature and consideration of the debt or demand on which the judgment was confessed. The same section declared that an omission to file such statement or specification should render the judgment fraudulent as to other judgment creditors and purchasers. (*Laws of* 1818, *p.* 280.) Under this statute it was held, in a case of a judgment confessed by virtue of a bond and warrant of attorney, where the specification stated that " the bond was given for divers goods, wares and merchandises, theretofore sold and delivered by the plaintiff to the defendant; and also for money lent and advanced by the plaintiff to the defendant at various times, the money lent being to the amount of $400, and the residue in goods sold and delivered as above mentioned;" that the specification was too general, and the judgment was set aside. In that case the court remarked that the specification ought to be so particular and precise as to apprise all persons interested of the nature and consideration of the debt. That a statement as general as the common counts in a declaration was not sufficient; that it ought to be as special and precise at least as a bill of particulars. (*Lawless* agt. *Hackett*, 16 *Johns. R.*, 149.) The question now under consideration arises under the second subdivision of section 383 of the Code of Procedure. That subdivision provides what the statement in writing, which is to be made by the defendant on a confession of judgment, must contain. It is as follows :

" If it be for money due or to become due, it must state *concisely* the facts out of which it arose, and must show that the sum confessed therefor is justly due, or to become due."

In *Chappel* agt. *Chappel*, (2 *Kernan R.*, 215,) it was held by the court of appeals that a statement setting out a promissory note, executed by the defendant to the plaintiff as the consideration of the indebtedness, was not a statement of the facts out of which the indebtedness arose; and in the later case of *Dunham* agt. *Waterman*, (17 *N. Y. R.*, 9,) the same court held a' judgment confessed under the 382d section of the Code, fraudulent and void as to other judgment creditors of the debtor, when the statement on which it was entered contained no further specification of the facts than that the indebtedness arose upon a promissory note, describing the date, amount and time of payment of the note, and stating that it was " given on a settlement of accounts," on a specified day, between the debtor and the plaintiff in such judgment. The last two cases are the only ones decided by the court of appeals, that I am aware of, involving a construction of the section of the Code referred to. It will be perceived that neither of them furnish much, if they do any, aid in the decision of the present case. In both, the facts out of which the indebtedness arose, appeared by the statement to be promissory notes given by the defendants to the plaintiffs. That, most clearly, did not approximate to the plain requirements of the Code on the subject. The notes were the mere evidence of the indebtedness, and afforded no information or even clue to the facts out of which it arose. Such statement gave to other creditors no facility whatever for the detection of fraud in the judgment confessed, which was manifestly the object, both of the provision of the Code, under consideration, and the act of 1818 before referred to. In the last case, (*Dunham* agt. *Waterman*,) the statement contained the further fact that the note was given on settlement of accounts be-

tween the parties.   But that certainly was no information
of the facts out of which the indebtedness arose.   It was
no more than what would be the *prima facie* presumption
of law upon executing the note, (*Lake* agt. *Tysen*, 2 *Seld.*,
461,) and furnished no additional aid to the creditor of the
defendant, in exposing the fraud.   It is claimed, however,
on behalf of the moving creditor in this case, that inas-
much as it was held in *Chappel* agt. *Chappel*, that the *object*
of the provision of the Code in question was the same as
that of section 8 of the act of 1818 referred to, viz : to pro-
tect the other creditors of the judgment debtor against
fraud ; that to accomplish this object, much, at least,
of the particularity contemplated by the act of 1818 would
be necessary; and that in contemplation of law, the legisla-
ture, in enacting the section in question, had the act of
1818 before them; that the Code must, therefore, have in-
tended to require, by implication, what is in terms required
by the previous statute.   As before stated, the object was
identical in both statutes, viz : to aid in the detection of
fraud, if any existed, in a judgment confessed without ac-
tion.   But it by no means follows that both contemplated
the same degree of particularity in the statement to be
made.   Assuming, as suggested, that the legislature which
enacted the Code had before them, when framing the sec-
tion in question, the act of 1818, it seems to me the infe-
rence is directly the reverse of that contended for.   The
language of the two acts is substantially different.   The
one required a *particular* statement and *specification* of the
" nature and consideration " of the debt or demand.   The
other requires a concise statement of the facts, &c.   Those
who recollect the history of the legislation on this subject,
well know that the act of 1818 was found so burthensome
and so difficult and laborious in many cases to be complied.
with, that it soon fell into disuse ; and the easier and safer
way of entering judgment by confession, was generally re-
sorted to of having the defendant sign a common bail piece,

by which his appearance was perfected, and a *cognovit* for the amount of the judgment to be confessed, with a stipulation that judgment might be forthwith entered in term or vacation, and thereupon a declaration with the common bail piece and cognovit were filed, upon which judgment was at once entered and perfected. The section in question of the act of 1818 remained in operation only between two and three years, and was then repealed. (*Laws of 1821, ch. 38, p. 27.*) This repeal brought back the practice of entering judgments by confession on bond and warrant of attorney, which could now be done as formerly, without observing the requirements of the 8th section of the act of 1818; and this continued to be the law until the passage of the Code in 1848, which contained the section under which the judgment sought to be set aside on this motion, was entered.

When the legislature of 1848 enacted the Code of Procedure, with the act of 1818 before them, if they intended substantially to re-enact the eighth section of that act, the presumption is they would have employed substantially the same phraseology as was used in the section they were re-enacting. It is, at least, safe to say that if they intended " a *particular* statement and *specification* of the nature and consideration of the debt" should be made, they would not have simply required the statement to " state *concisely* the facts" out of which the indebtedness arose. In other words, if they contemplated a *particular* statement of the nature of the debt, and a *specification* of its consideration, they would have required something more than a *concise* statement of the facts, &c. It is a general rule that words used in a statute are to be interpreted according to common usage—in conformity with the popular understanding of their meaning—and I know of no better evidence or test of such usage or understanding than our standard modern dictionaries. I have, therefore, that there may be no mistake on a point of so much practical importance as

the true significance of the words in the two statutes upon which the determination of this question very much depends, looked into Webster, the great lexicographer of our age, and find that one of his definitions of the word " particular " is as follows : " A minute detail of things singly enumerated." His definition of " specification " is, among others, " a written statement containing a minute description or enumeration of particulars." The word " concise " is defined " brief "—short, containing few words, or the principal matters only. " Concisely " is defined " briefly "— in few words, comprehensively. " Conciseness " is defined " brevity in speaking or writing, as conciseness should not be studied at the expense of perspicuity." But to return to the question of the sufficiency of the statement under consideration, in view of the three hundred and eighty-third section of the Code. There have been a large number of decisions made and reported of questions arising under that section, besides the two referred to in the court of appeals, but they are so numerous and conflicting as to afford very little aid in determining the one arising upon the statement in the present case, or to justify a particular reference to them on this occasion. It will be perceived that those in the court of appeals are totally unlike the present in their facts, and hence not necessarily any authority upon it. Of the others, the one bearing the strongest resemblance to it is that of *Schoolcraft* agt. *Thompson*, (9 *How. Pr. R.*, 61,) in which the facts out of which the indebtedness arose were stated to be " for goods, wares and merchandise sold and delivered to me by Messrs. Schoolcraft, Raymond & Co., Albany, of which the plaintiff is a member ; the goods were purchased by me in the years 1851 and 1852, and this judgment is confessed to said plaintiff for the benefit of said firm of Schoolcraft, Raymond & Co." The statement was held sufficient. The decision was made at the general term, and if the case was correctly decided, most assuredly the statement in this

was a compliance with the provisions of the section of the Code in question.

Let us look carefully, and see whether all the provisions of section 383 are not fully complied with in the present case. What are those provisions? A statement in writing must be made, signed by the defendant and verified by his oath, to the following effect:

1. It must state the amount for which judgment may be entered, and authorize the entry of judgment therefor. It is not denied that this was done.

2. If it be for money due or to become due, it must state concisely the facts out of which it (the indebtedness) arose, and must show that the sum confessed therefor is justly due, or to become due. It is under this second subdivision of the section that most of the difficulty in all the cases has arisen. The statement in this case is that the indebtedness arose for lumber sold and delivered by the plaintiffs to the defendants in the year 1855, and before the date of the statement, which date was October 15th, 1855, making a period of nine months and fifteen days within which the lumber was sold and delivered. It then states the quantity of lumber so sold and delivered during that time to be about 685,000 feet, and that the same was of the value of about $6,500, and that the amount remaining due and unpaid from the defendants to the plaintiffs for said lumber was $3,500. This, it seems to me, was a substantial compliance with the second subdivision of the section.

The third subdivision is inapplicable to a case of money due or to become due, which is the present case.

It is insisted by the counsel for the moving party that the statement is defective in not stating the time of the sale of the lumber. To require the party to state the particular time of any of the facts out of which the indebtedness arose, unless such time was material to make out facts sufficient to constitute a cause of action, would be to exact

the same strictness as in a bill of particulars—a *concise statement* does not mean a minute detail of things singly enumerated. The time within which the lumber was sold is carefully and reasonably limited. In my opinion the facts are concisely well stated, and I have attempted to show that the law does not require that they should be otherwise minutely or particularly set forth. By an act passed April 10th, 1818, a justice of the peace was authorized to enter judgment by confession in all cases not exceeding one hundred dollars.

But the defendant in such cases was required before the judgment was entered to " set forth the particular items of the demand," and to make oath to the same, &c., and providing that any judgment so confessed without a compliance with such requirement should be void. (*Laws of* 1818, *ch.* .94, § 6 *and* 7, *p.* 80.) In *Marsh* agt. *Lawrence*, (4 *Cowen, R.*, 461,) one of the material facts was, that one Curtis had confessed a judgment in favor of Lawrence before a justice of the peace for $100, under and in pursuance of the above provisions of the act of 1818 last referred to. The specification was as follows :

· " Medad Curtis, the defendant in this cause, hereby certifies that he is indebted to the plaintiff ·in this cause in the sum of $100, over and above all demands in favor of the defendant against the plaintiff, *and that the same is due for money paid by him to James Hutchinson as security for him the said defendant."*

The statement was duly verified by Curtis. The trial was in the common pleas of Onondaga county, where the plaintiff recovered judgment. On error to the supreme court, one of the points taken and argued by the plaintiff in error was that the statement made by Curtis on confessing the judgment to Lawrence was not sufficiently definite, and that the judgment was therefore void. But the court held that it was a substantial compliance with the

statute.   That was a much stronger case than the present. It was under a statute much more strict in its terms than the section of the Code in question, and on a statement much more indefinite than the one under consideration.   It is also objected that the quantity of lumber sold is stated at _about_ 685,000 feet, and the value at _about_ $6,000.   I think, however, that this objection is not well founded.   The facts are still concisely stated, and the amout due is made certain by what follows, viz: that there remained due, &c., $3,500..

The only remaining objection worthy of notice is that nearly a year elapsed after the verification of the statement and before the entry of the judgment.   The statement was verified by one of the defendants on the 15th and by the other the 17th of October, 1855, and the judgment was entered on the 11th of October, 1856.   This objection is not well taken.   There is nothing in the Code or other provision of law requiring the judgment to be entered at any particular time after the confession and statement are made.   The practice before the Code allowed a plaintiff to enter judgment on bond and warrant of attorney at any time within a year and a day after the same were given.   (_Gra. Pr._, 2d ed., 774.)   The foregoing views render it unnecessary to consider the position taken by the counsel on the argument in opposition to motion, that the court has no power on motion to set aside the judgment, for the reason that the same is canceled of record by the return of the execution issued thereon satisfied in full.   I have given this case an examination more elaborate than is my custom, for the reason that it seems to me that some of our judges and courts have carried the doctrine on the subject of the statement of facts out of which the indebtedness arose, in cases of judgments by confession, to an unwarrantable degree of strictness; and with a view of vindicating such a construction of the sec

tion of the Code in question as in my judgment its language .fairly demands.

The motion is denied, with $10 costs.

Affirmed, Monroe general term, March, 1860. JOHNSON, E. DARWIN SMITH and KNOX, Justices.